**Chi Chang LAN, Plaintiff—Appellant,**

v.

**ALLSTATE INS. CO., Defendant—
Appellee.**

No. 03–56685.
D.C. No. CV–02–02398–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2005.*

Decided April 7, 2005.

Jeffrey D. Diamond, Encino, CA, for Plaintiff–Appellant.

Peter H. Klee, Luce Forward Hamilton & Scripps, San Diego, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM**

Chi Chang Lan appeals from the district court's denial of his motion for a new trial following a jury verdict in favor of Allstate. He argues that the district court abused its discretion by 1) not striking Allstate's opening statement challenging his expert's credibility; 2) not allowing Lan to introduce information about the legislative history of Cal.Civ.Proc.Code § 340.9, which extended the statute of limitations for Northridge earthquake claims; 3) not allowing Lan to introduce a preliminary estimate prepared by Allstate's adjuster, Bill Dearing.

■ The district court did not abuse its discretion in making any of these evidentiary rulings. In its opening statement, Allstate simply argued that Lan's experts were biased and unqualified to assess earthquake damage, allegations it later produced evidence to support. The district court correctly concluded that there was nothing improper in Allstate's efforts to impeach its opponent's experts.

■ The district court was also correct to exclude information about the legislative history of Cal.Civ.Proc.Code § 340.9. The court instructed the jury about the statute's provisions and gave Lan the opportunity—which he did not take—to explain why he was bringing suit several years after the Northridge earthquake. Further discussion of § 340.9's legislative history would have prejudiced Allstate and been of little relevance to Lan's claims. District courts enjoy "wide latitude" to exclude evidence as prejudicial. *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002).

■ Finally, the district court did not abuse its discretion in excluding the Dearing estimate. In light of the marginal relevance of the estimate to Lan's case, the court reasonably concluded that excessive jury time would be required to consider the questions Allstate had raised about whether or not the estimate was final. *See* Fed.R.Evid. 403 (courts may exclude evidence based on "considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

AFFIRMED

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

